OPINION
{¶ 1} Appellant, Angela Hamblett (hereinafter "Angela"), appeals the judgment of the Van Wert County Court of Common Pleas, Juvenile Division, granting custody of Angela's two children to Marsha Baldea, Angela's mother.
 {¶ 2} Angela is the mother of two children, Stephen Hamblett, born July 8, 1999, and Andrew Hamblett, born March 31, 2001. Stephen and Andrew were both born in Florida, where Angela was living. Angela's mother, Marsha Baldea (hereinafter "Baldea"), was also living in Florida at the time Stephen and Andrew were born.
 {¶ 3} In March 2002, Baldea decided to leave Florida and move to Ohio. A few months later, in June 2002, Angela decided to leave Florida also and look for work in Indianapolis. Baldea testified that when Angela moved she brought Stephen and Andrew to Baldea in order for Baldea to care for the children. Baldea testified that since June 2002, she has been the primary caretaker of Stephen and Andrew and the longest period of time Angela has cared for the children has been two to three weeks.
 {¶ 4} On July 12, 2004, Baldea filed a petition requesting she be designated the custodian of Stephen and Andrew. A hearing was held on September 1, 2004, after which the trial court determined that an award of custody to Angela would be detrimental to the children and that Angela was unsuitable. The trial court, therefore, granted Baldea's petition.
 {¶ 5} It is from this decision that Angela appeals and sets forth two assignments of error for our review. We will consider these assignments of error together.
 ASSIGNMENT OF ERROR NO. I The trial court abused its discretion and erred to the prejudice ofAppellant when it found the Appellant to be "unsuitable" parent.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it granted custody of the minor children toa non-parent against the wishes of a parent as it is contrary to theruling of the U.S. Supreme Court in Troxel v. Granville.
 {¶ 6} Angela first argues that the trial court abused its discretion in determining that she was "unsuitable" because the record does not support this finding. Angela contends that she has a stable home, steady income and has never caused harm to the children. Additionally, Angela asserts that the trial court's reasons for granting custody to Baldea do not rise to a level that outweighs her fundamental right, as a parent, to make decisions regarding the care, custody, and control of her children, recognized in Troxel v. Granville (2000), 530 U.S. 57, 65-66.
 {¶ 7} R.C. 2151.23 grants a juvenile court exclusive original jurisdiction to determine the custody of a child. Within the framework of this statute, the overriding principle in custody cases between a parent and non-parent is that natural parents have a fundamental liberty interest in the care, custody, and management of their children. In reMurray (1990), 52 Ohio St.3d 155, 157. This interest is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by Section 16, Article I of the Ohio Constitution. In reShaeffer Children (1993), 85 Ohio App.3d 683, 689-690. Since parents have constitutional custodial rights, any action by the state that affects this parental right, such as granting custody of a child to a non-parent, must be conducted pursuant to procedures that are fundamentally fair. Santosky v. Kramer, 455 U.S. 745, 754.
 {¶ 8} The circumstances under which a court may award custody of a child to a non-parent are severely limited. In re Perales (1977),52 Ohio St.2d 89, syllabus. In a custody proceeding between a parent and non-parent, a court may not award custody to the non-parent "without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child." Id. If a court concludes that any one of these circumstances describes the conduct of a parent, the parent may be adjudged unsuitable, and the state may infringe upon the fundamental parental liberty interest of child custody. See In re Hockstok (2002),98 Ohio St.3d 238.
 {¶ 9} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence, and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74. A trial court does not abuse its discretion unless its judgment is arbitrary, unreasonable, or unconscionable. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21. Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. Id.
 {¶ 10} The evidence adduced at trial, in the case sub judice, included the following: while Angela and Baldea were in Florida, Stephen and Andrew lived primarily with Angela, but Baldea provided support for the children; Baldea bought Angela a mobile home in Florida and paid the rent for the mobile home lot for one year; a few months after Baldea moved to Ohio, Angela brought Stephen and Andrew to her to care for while Angela looked for a job in Indianapolis; Angela took care of the children for a few weeks after she found a job in Indianapolis, until Baldea resumed care; Angela took care of the children for a few weeks in January 2003 before meeting and marrying Mark Katt in February 2003; after Angela and Mark married, Angela discovered Mark was abusive and it was not safe for the children to be around him, which resulted in Baldea resuming care of the children until Angela and Mark separated in March 2004.
 {¶ 11} The evidence also established that after Angela and Mark separated, Angela moved in with a friend until the friend's house was foreclosed upon, then she moved in with another friend; Baldea continued to care for the children during this time, because there was no room for Stephen and Andrew in the places Angela was staying; from February 2003 to the time of the hearing, September 2004, Angela had lived in five different places; at the time of the hearing, Angela was living alone in a residence on which she purportedly entered into a purchase agreement on June 16, 2004, contingent upon financing, but as of the date of the hearing, September 1, 2004, no sale had been finalized; at the time of the hearing, Angela had been employed at CL Hospitalities as a dancer and bartender for approximately one month; Angela usually worked 11:00 p.m. to 4:00 a.m., but occasionally she worked 11:00 a.m. to 7:00 a.m.; before getting the job at CL Hospitalities, Angela had not been employed since January 2003.
 {¶ 12} Additionally, evidence was introduced regarding Angela's mental health. Testimony by Angela and Baldea indicated that Angela began experiencing mental problems around the age of eighteen, that she is bi-polar and has obsessive compulsive disorder, that her mental health issues have prevented her from working in the past, and that Baldea observed that when the children were with Angela, Angela, due to her medication, would go to sleep and the children would be left unsupervised.
 {¶ 13} Based on this evidence, the trial court concluded that Angela has demonstrated an inability to care for her children on a regular basis, and has relied on Baldea to care for them. The trial court based this determination on Angela's frequency of changing residences, her marriage to a man who was a risk to her children, her financial instability and her mental health issues.
 {¶ 14} We find that the trial court's decision was based on competent credible evidence. Therefore, we do not find that the trial court abused its discretion in granting custody of Stephen and Andrew to Baldea. Moreover, in determining that the trial court's classification of Angela as "unsuitable" is supported by the evidence, we do not find that the trial court's action of awarding custody to a non-parent, under these circumstances, infringes on Angela's fundamental right to custody of her children, as recognized by Troxel v. Granville (2000), 530 U.S. 57, 65-66.
 {¶ 15} Angela's first and second assignments of error are hereby overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 Bryant and Shaw, JJ., concur.